## MILLER v. CRAYTON, appellant.

*Promissory note — bona fide holder — mistake in date of payment.*

Defendant made his promissory note dated May 3, 1866, payable April 1, 1866. This note was purchased by plaintiff of a third party May 9, 1866, at ninety per cent of its face value. *Held,* (1) that the purchase at a discount did not make plaintiff a holder in bad faith; (2) that the date of payment was sufficient to put a purchaser of the note on inquiry as to the true time of payment, but having ascertained the true time to be April 1, 1867, he was not bound to inquire further.

APPEAL from a judgment in the Cayuga county court affirming a judgment of a justice's court in favor of plaintiff. The action was brought by Adam Miller as a purchaser and holder of a promissory note for $66, dated May 3, 1866, payable April 1, 1866, and purporting to be executed by the defendant, David Crayton. The plaintiff purchased the note of the payee's agent May 9, 1866. The defendant denies the making of the note, and says that it is a fraud and a forgery, and that the plaintiff is not a *bona fide* holder of the note. Defendant admitted having made a note for $64. The remaining facts appear in the opinion.

*F. D. Wright,* for appellant.

*James Lyon,* for respondent.

GILBERT, J. Putting the evidence in a light most favorable to the defendant, there was enough to warrant a verdict that the note in suit was made by him. He and his witnesses gave as the only reason why the note was not made by him, that it was for sixty-six instead of sixty-four dollars. Such discrepancy may have arisen

innocently in many ways, and is insufficient to shake our belief that the note is a genuine instrument.

The only other material question in the case is, whether the plaintiff is a *bona fide* holder for value and entitled to protection against the defense, that the note was fraudulently obtained by the payee.

The plaintiff testifies that he gave for the note ninety per cent only of the amount thereof. But this fact it seems does not make him a holder in bad faith. *Williams* v. *Tilt*, 36 N. Y. 319. This case practically overrules the previous cases, where a contrary doctrine had been asserted; *Ramsdell* v. *Morgan*, 16 Wend. 564, and *Krutzer* v. *Parks*, 2 Sandf. 60, and holds, that a man may be a purchaser, *bona fide*, notwithstanding the transfer to him was tainted with usury. The note is dated May 3, 1866, and purports on its face to be payable April 1, 1866. Literally, therefore, it was overdue when the plaintiff purchased it. But the evidence clearly established that the time of payment agreed upon by the parties to the note was April 1, 1867, and there can be no question that it was competent to prove this fact by parol. No doubt the terms of the note were sufficient to put the plaintiff upon inquiry, and so operated as a notice to him. The question is, what is the extent of that notice? We have held at this term (*Weeks* v. *Fox, ante*, p. 354), that when a note was signed by an agent, it was notice to the holder that the person who made the note was acting under a power, and that he was bound to inquire and ascertain what the actual authority was; but that he was under no obligation to inquire into the consideration of the note. So here the plaintiff had notice, that the time of payment specified in the note was not the true one. He was, therefore, bound to inquire and ascertain the time when, in fact, it was payable. The legal presumption is, that he did make that inquiry, and that he ascertained the fact to be as it really exists. He was not bound to inquire further. The result is, that he must be treated as a *bona fide* holder for value, and without notice of the fraud set up in defense.

With respect to the other questions presented by the appellant, we need only say, that we have found no error in the proceedings below.

The judgment should be affirmed, with costs.

*Judgment affirmed.*